⭐ FEDERAL CIVIL RIGHTS COMPLAINT — UNCONSTITUTIONAL ERPO

(42 U.S.C. § 1983 — Constitutional Violations)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA (or your federal district)

Case: 1:26−cv−01957
Assigned To : Unassigned
Assign. Date : 5/29/2026
Description: Pro Se Gen. Civ. (F−DECK)

Dr. Kawana J. Williams,

Plaintiff,

v.

District of Columbia, Metropolitan Police Department,

Officer(s) John/Jane Doe,

Superior Court of the District of Columbia (official capacity),

Defendants.

Case No.: _____

⭐ COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(42 U.S.C. § 1983 – Constitutional Violations)



RECEIVED

MAY 29 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Plaintiff, Dr. Kawana J. Williams, brings this civil rights action under 42 U.S.C. § 1983 to challenge the issuance, execution, and enforcement of an Extreme Risk Protection Order (ERPO) that violated her constitutional rights.

## ⭐ I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the Fourth Amendment, Fourteenth Amendment, and 42 U.S.C. § 1983.

2. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

3. Venue is proper because the events occurred in this District.

## ⭐ II. PARTIES

1. Plaintiff Dr. Kawana J. Williams is a resident of Washington, D.C., a federal health psychologist, and a federal employee with Top Secret clearance.

2. Defendants include:• District of Columbia

• Metropolitan Police Department (MPD)

• Officer(s) John/Jane Doe who executed or initiated the ERPO

• Superior Court of the District of Columbia (official capacity only)

## ⭐ III. FACTUAL ALLEGATIONS

1. On or about _____, an ERPO was initiated against Plaintiff without probable cause, without lawful service, and without constitutionally required due process.

2. Plaintiff was not provided notice, not provided a hearing, and not afforded an opportunity to contest the allegations prior to seizure of her property.

3. MPD officers seized Plaintiff's lawfully registered firearm and ammunition despite the absence of:• a warrant,

• probable cause,

• exigent circumstances,

• or a lawful judicial order.

4. The ERPO was issued based on false, misleading, or retaliatory statements by the petitioner.

5. The ERPO statute, as applied, resulted in unlawful seizure, deprivation of liberty, and deprivation of property without due process.

6. Plaintiff poses no danger to herself or others, and the government has acknowledged possession of her firearm and ammunition.

7. The ERPO proceedings were conducted in a manner that was unethical, procedurally defective, and constitutionally invalid.

⭐ IV. CLAIMS FOR RELIEF

COUNT I — Fourth Amendment Violation

(Unreasonable Search and Seizure)

1. Defendants seized Plaintiff's firearm and ammunition without probable cause, without a warrant, and without lawful authority, violating the Fourth Amendment.

COUNT II — Fourteenth Amendment Due Process Violation

(Procedural and Substantive Due Process)

1. Plaintiff was deprived of property and liberty interests without notice, without a hearing, and without an opportunity to be heard, violating the Fourteenth Amendment.

COUNT III — First Amendment Retaliation (if applicable)

1. The ERPO was initiated in retaliation for Plaintiff's protected speech or professional activities.

COUNT IV — Second Amendment Violation

1. The ERPO unlawfully deprived Plaintiff of her right to keep and bear arms without constitutional justification.

COUNT V — Abuse of Process / Malicious Prosecution

1. Defendants misused the ERPO statute for improper purposes, causing harm to Plaintiff.

⭐ V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Declare the ERPO unconstitutional as applied to Plaintiff.

2. Vacate and void the ERPO.

3. Order the immediate return of Plaintiff's firearm and ammunition.

4. Enjoin Defendants from enforcing any ERPO against Plaintiff without full constitutional due process.

5. Award compensatory and punitive damages.

6. Award attorney's fees and costs under 42 U.S.C. § 1988.

7. Grant any other relief the Court deems just and proper.

**Kawana J. Williams, Ph.D.**